**UNITED STATES of America,**
**Plaintiff,**

v.

**The OHIO CRANKSHAFT COMPANY,**
**Muskegon Motor Specialties Company, Defendants.**

**Civ. A. No. 28299.**

United States District Court
N. D. Ohio.
June 21, 1956.

John H. Watson, Jr., John T. Scott and Robert W. Wheeler, Cleveland, Ohio, for Ohio Crankshaft Co.

Geo. L. Derr, Robert B. Hummel, Cleveland, Ohio, Richard J. Gage, Frank B. Moore, Jr., Cleveland, Ohio, Stanley N. Barnes, Asst. Atty. Gen., Marcus A. Hollabaugh, Trial Atty., Washington, D. C., and Sumner Canary, U. S. Atty., Cleveland, Ohio, for the Government.

CONNELL, District Judge.

The Government here moves the Court for a Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that the pleadings, admissions, affidavits and exhibits on file conclusively show that (a) there is no genuine issue as to any material fact; and (b) the plaintiff is entitled to a judgment as a matter of law.

The Complaint charges that the defendants have violated and are violating Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2 by unlawfully combining and conspiring to restrain and monopolize interstate trade and commerce in induction hardened crankshafts for the trade. The term "induction hardened crankshafts for the trade" refers to induction hardened crankshafts manu-

factured by concerns engaged in the business of making such crankshafts for engine manufacturers and others who do not produce their own requirements of induction hardened crankshafts.

The defendant, the Ohio Crankshaft Company hereinafter sometimes referred to as "Ohio", denies the material allegations of the complaint. The defendant, Muskegon Motor Specialties Company, consented to a judgment entry conditioned upon the stipulation that said judgment did not constitute evidence or admission of any wrongful act.

It is not here deemed necessary for the Court to go into the voluminous details of this controversy since upon examination of the record there is sufficient evidence as to the existence of genuine issues of material facts, such as to warrant the denial of the plaintiff's motion for summary judgment.

The Court feels constrained however, in view of the very recent decision of the Supreme Court in United States v. E. I. duPont de Nemours, 351 U.S. 377, 76 S.Ct. 994, 1007, to comment on the difficulty it had in rationalizing the "relevant market" alleged to be monopolized by the defendants herein in the crankshaft field. In such case, the Supreme Court stated:

> "In considering what is the relevant market for determining the control of price and competition, no more definite rule can be declared than that commodities reasonably interchangeable by consumers for the same purposes make up that 'part of the trade or commerce,' monopolization of which may be illegal."

The record here discloses that there are four methods in use in the United States for hardening the surfaces of crankshafts, to wit, carburizing, nitriding, flame hardening, and induction hardening, all of which are in competition with each other. The defendant submits that in the year 1953, 10,953,160 internal combustion engines were manufactured

in the United States requiring, at least, a like number of crankshafts (replacement parts are not considered). Of this total, 797,229 were manufactured by Ohio and its licensees, with Ohio itself manufacturing only 106,485. The overall result therefor, for the year 1953, is that the Ohio Crankshaft Company and its licensees manufactured less than 8% of all crankshafts made in the United States; Ohio itself manufactured less than 1%; and considering only the *induction* hardened crankshafts manufactured in the United States in 1953, Ohio manufactured less than 13.4% of that total. From these statistics alone, it would appear that the relevant market involved herein is the crankshaft field as a whole. The induction hardened crankshaft seems to be a small portion of that market.

Accordingly, in view of the presence of genuine issues of material fact, the motion for Summary Judgment is hereby overruled.